**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

YAHYA MUHAMMAD ABDULLAH
MUNTAQIM,

                        Plaintiff,
                                                    9:17-CV-1043
        v.                                         (MAD/DJS)

ANTHONY ANNUCCI, *et al.*,

                        Defendants.
_____

**APPEARANCES:**                                       **OF COUNSEL:**

YAHYA MUHAMMED ABDULLAH
MUNTAQIM
Plaintiff, *Pro Se*
80-A-4444
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

HON. LETITIA JAMES                       MARK G. MITCHELL, ESQ.
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, NY 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I. INTRODUCTION

Plaintiff commenced this civil rights action *pro se* on September 20, 2017, alleging violations of the First, Eighth, and Fourteenth Amendments. Dkt. No. 1, Compl. After initial review pursuant to 28 U.S.C. §§ 1915(e) & 1915A and an amendment of the

Complaint, Fourteenth Amendment due process claims remain against four Defendants. Dkt. Nos. 9, 21, 23, & 24.

Defendants have moved for summary judgment as to Plaintiff's remaining claims. Dkt. No. 34. Plaintiff has opposed the Motion, Dkt. No. 38, and Defendants have filed a Reply in further support of their Motion, Dkt. No. 37.

### A. Summary of the Relevant Facts[1]

On April 8, 2016, while an inmate at Shawangunk Correctional Facility, Correction Officer Katz executed a misbehavior report charging Plaintiff with violating two inmate rules: Rule 180.14, not following staff instructions regarding urinalysis testing, and 106.10, not obeying a direct order. Dkt. No. 34-6 at p. 1. A Tier III disciplinary hearing regarding the charges took place on April 13, 2016. Dkt. No. 34-5 at pp. 63-64; Dkt. No. 34-6 at p. 9. Defendant Polizzi served as the Hearing Officer. Dkt. No. 34-5 at p. 64; Dkt. No. 34-6 at p. 5. Plaintiff pleaded not guilty to the charges, and asserted that he has a large prostate, and also may have a shy bladder, and therefore has difficulty urinating. Dkt. No. 34-7 at pp. 3, 4, 6, & 11. Upon reviewing the evidence, Defendant Polizzi determined Plaintiff was guilty of the charges and imposed penalties of 180 days in the Special Housing Unit ("SHU") and corresponding losses of package,

---

[1] Under Local Rule 7.1(a)(3), on a motion for summary judgment a non-movant must respond to the movant's statement of material facts "by admitting and/or denying each of the movant's assertions in a short and concise statement, in matching numbered paragraphs." N.D.N.Y. L.R. 7.1(a)(3). Plaintiff has not filed a responsive Rule 7.1 Statement. "Where the opposing party fails to follow Local Rule 7.1(a)(3), the Court shall accept the properly supported facts stated in the movant's Statement of Material Facts." *Yaghi v. Pioneer Bank*, 2018 WL 4903226, at *1 (N.D.N.Y. Oct. 9, 2018). In deference to Plaintiff's *pro se* status the Court reviewed the entire summary judgment record in order to ascertain the undisputed material facts. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (noting court's "broad discretion to determine whether to overlook a party's failure to comply with local court rules").

commissary, and phone privileges. Dkt. No. 34-5 at p. 94; Dkt. No. 34-6 at pp. 10-11; Dkt. No. 34-7 at p. 17. Plaintiff appealed the hearing disposition, Dkt. No. 34-3 at p. 12, and the Office of Special Housing/Inmate Disciplinary Program affirmed the disposition. *Id.* at p. 5. Plaintiff then filed an Article 78 proceeding in New York state court; after being transferred to the Appellate Division, Third Department, the Third Department annulled the determination and remitted the matter to DOCCS for further proceedings. Dkt. No. 34-5 at pp. 105-106; Dkt. No. 34-3 at pp. 6-9.

A Tier III rehearing as to the charges occurred at Clinton Correctional Facility between September 28, 2017 and October 6, 2017, where Plaintiff was then housed, and was presided over by Commissioner's Hearing Officer ("CHO") Bullis. Dkt. No. 34-8 at pp. 1-2; Dkt. No. 34-5 at pp. 110-111; Dkt. No. 34-9 at p. 1. Plaintiff again pleaded not guilty to the charges. Dkt. No. 34-9 at pp. 2-3. Upon reviewing the evidence, CHO Bullis found Plaintiff guilty of charge 180.14, urinalysis testing violation. Dkt. No. 34-8 at p. 2; Dkt. No. 34-9 at pp. 27-28. CHO Bullis imposed penalties of 152 days in SHU with loss of package, commissary, and phone privileges. Dkt. No. 34-8 at p. 2; Dkt. No. 34-9 at p. 28. Plaintiff had already served 152 days in the SHU as a result of the April 2016 determination, and Plaintiff did not experience additional penalties as a result of the October 2017 hearing determination. Dkt. No. 34-5 at pp. 124-25. Plaintiff did not file an administrative appeal challenging the October 2017 rehearing. Dkt. No. 34-2, Venettozzi Decl., ¶¶ 14-17.

## II. DISCUSSION

### A. Standard

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**B. Whether Plaintiff's Confinement Implicated a Protected Liberty Interest**

Defendants contend that Plaintiff's due process claim should be dismissed because his confinement did not implicate a liberty interest protected by the Fourteenth Amendment. Dkt. No. 34-11, Defs.' Mem. of Law, pp. 12-14. In particular, they contend that only twenty-eight days of Plaintiff's punishment can be attributed to the alleged due process violations related to the 2016 hearing, which is the only hearing at issue in this case. *Id.* They contend that that period of time in segregated confinement does not implicate a liberty interest. *Id.*

To successfully state a claim under Section 1983 for denial of due process arising out of a disciplinary hearing, a plaintiff must show that he both (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process. *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) (citation omitted); *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000). In *Sandin v. Conner*, 515 U.S. 472 (1995), the United States Supreme Court determined that to establish a liberty interest, a plaintiff must sufficiently demonstrate that (1) the State actually created a protected liberty interest in being free from segregation; and that (2) the segregation imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. at 483-84. To determine whether an inmate has suffered an "atypical and significant hardship," the conditions imposed upon the inmate must be compared with those imposed upon the rest of the general population of the facility as well as those in administrative and protective confinement. *See Palmer v. Richards*, 364 F. 3d 60, 64 (2d Cir. 2004). When assessing the severity of the hardship imposed, a court should take into account both the duration and the conditions of the confinement, where appropriate. *Id.*

While not the only factor to be considered, the duration of a disciplinary confinement remains significant under *Sandin*. *Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000). Specifically, while under certain circumstances confinement of less than 101 days could be shown to meet the atypicality standard under *Sandin*, the Second Circuit generally takes the position that disciplinary confinement, without unusual conditions, for a period of up to 101 days will generally not constitute an atypical hardship, while

confinement for a period of more than 305 days can be found to be atypical even if under "normal conditions." *Ortiz v. McBride*, 380 F.3d at 654; *Colon v. Howard*, 215 F.3d at 231.

In this case, Plaintiff was sentenced to a 180-day SHU sentence as a result of the 2016 hearing that Plaintiff alleges violated his due process rights; Plaintiff began serving that time following the imposition of punishment. Dkt. No. 34-6 at p. 10. Plaintiff then brought an Article 78 proceeding, which ultimately resulted in the 2016 determination being annulled and remitted on September 15, 2017 to DOCCS for further proceedings. Dkt. No. 34-3 at pp. 6-9. A rehearing was then held in 2017. That rehearing resulted in a finding of guilty to charge 180.14, urinalysis testing violation, and the hearing officer imposed a penalty of 152 days in SHU with loss of package, commissary, and phone privileges. In his determination, the hearing officer noted that that time had already been served, from April 13, 2016 through September 12, 2016. Dkt. No. 34-9 at p. 28. The question is whether, for purposes of determining if a liberty interest is implicated, the Court should consider Plaintiff's entire 180-day sentence that he alleges he served as a result of the allegedly improper 2016 hearing, or only the twenty-eight days that Plaintiff served due to the 2016 hearing if the remaining 152 days are attributed to the 2017 hearing, which is not a part of the present lawsuit.

The Court finds that at most only twenty-eight days of Plaintiff's sentence are attributable to the hearing at issue in this case. The record is not entirely clear as to exactly how much time Plaintiff spent confined in the SHU following his initial hearing, but prior to the rehearing. *Compare* Dkt. No. 24, Am. Compl. at p. 6 (referring to six months in

SHU) *with* Dkt. No. 34-5 at p. 143 (Plaintiff's deposition testimony that he was housed in SHU from April to September 2016) and Dkt. No. 34-9 at p. 28 (referencing 152-day period between April 13, 2016 and September 12, 2016).  Viewing the record in the light most favorable to Plaintiff, the Court presumes solely for purposes of this Motion that Plaintiff was confined for the longer, 180-day, period.  It is not disputed, however, that following the rehearing Plaintiff was sentenced to 152 days in SHU, a period that was credited to the time served after the initial hearing. Dkt. No. 34-5 at p. 128.  There are no remaining claims regarding the propriety of the rehearing in this action.  As a result, that 152-day period of confinement is entirely attributable to the determination at his rehearing.  *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (finding the result of the first hearing did not deprive the plaintiff of due process because his "confinement in SHU was entirely attributable to the ruling following the second hearing, given that the result of the first hearing was administratively overruled and that [the plaintiff's] sentence following the second hearing credited his prior time in SHU.") (citing *Horne v. Coughlin*, 155 F.3d 26, 31 (2d Cir. 1998)); *see also Cuello v. Lepkowski*, 2019 WL 315258 (W.D.N.Y. Jan. 24, 2019) (citing cases); *Cole v. New York State Dep't of Corr. and Cmty. Supervision*, 2016 WL 5394752, at *20 (N.D.N.Y. Aug. 25, 2016).

Therefore, Plaintiff's initial hearing resulted in no more than twenty-eight days of confinement not attributable to the unchallenged second hearing.  "However, 'there is broad agreement in the Second Circuit that keeplock or SHU confinement of 30 days or less in New York prisons does not implicate due process.'"  *Richard v. Leclaire*, 2017 WL 9511181, at *16 (N.D.N.Y. July 10, 2017), *report and recommendation adopted*,

2017 WL 4349381 (N.D.N.Y. Sept. 29, 2017) (quoting *Smith v. Fischer*, 2016 WL 3004670, at *15 (W.D.N.Y. May 23, 2016) (internal quotations omitted) (citing cases)); *see also Johnson v. Schiff*, 2013 WL 5466218, at *12 (N.D.N.Y. Sept. 13, 2013), *report and recommendation adopted*, 2013 WL 5466638 (N.D.N.Y. Sept. 30, 2013) (characterizing as "unanimous" the view that thirty days or less in SHU does not implicate liberty interest); *Gssime v. Burge*, 2013 WL 3423816, at *2 (W.D.N.Y. July 8, 2013) (same). For this reason, the Court recommends granting the Motion for Summary Judgment based on the failure to establish to establish a protected liberty interest entitling Plaintiff to due process.

This holding is especially warranted given the fact that Plaintiff does not contend that the conditions of confinement in the Special Housing Unit were unusual when compared with those normally associated with Special Housing Unit confinement in New York State. *See Jackson v. Onondaga Cty.*, 549 F. Supp. 2d 204, 218 & n. 35 (N.D.N.Y. 2008) (citing *Colon v. Howard*, 215 F.3d at 230). In his deposition, Plaintiff testified that he received one hour outside per day, was restricted phone calls and packages, was able to do legal research, received three meals a day, and was able to shower four times per week. Dkt. No. 34-5, pp. 144-46. He testified that being is SHU was different than general population because he was not "around his peers" and because he "didn't ask to be there" and "wasn't there voluntarily." *Id.* at pp. 146-47. Plaintiff has provided no evidence that his confinement in SHU for 180 days constituted an atypical or significant hardship. *See Williams v. Goord*, 111 F. Supp.2d 280, 289 (S.D.N.Y. 2000) (finding no liberty interest because undisputed conditions of SHU confinement were "the normal

conditions of SHU confinement in New York," including that "[t]elephone calls are not permitted unless required for an emergency or a legal reason. *See* [N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 7] at § 302.2(j)(2).  Personal belongings are restricted. *See id.* at § 302.2(e).  SHU inmates are permitted out of their cells for only one hour per day consisting of outdoor exercise. *See id.* at § 304.3.  This exercise period is subject to restrictions due to weather, *see id.* at §§ 303.3(a), (c), or safety concerns, *see id.* at § 303.3(d).  Showers are limited to a minimum of two per week. *See id.* at § 304.5(a)."); *see also Frazier v. Coughlin,* 81 F.3d 313, 317 (2nd Cir. 1996).  As such, Plaintiff's twenty-eight-day SHU sentence cannot be said to implicate a liberty interest.

The Court thus recommends finding that Plaintiff's due process claim fails and dismissing the Complaint.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 34) be **GRANTED**; and it is further

**RECOMMEDED**, that Plaintiff's Amended Complaint (Dkt. No. 24) be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: August 21, 2019
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).